IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00645-BNB

JEREMY PINSON,

    Plaintiff,

v.

M. ANDREIS,
ANTHONY OSAGIE,
FEDERAL BUREAU OF PRISONS, and
JOHN DOE, Dentist,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Jeremy Pinson, is in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary-ADX in Florence, Colorado. On February 28, 2014, Mr. Pinson filed *pro se* a Prisoner Complaint that alleges a violation of his constitutional rights. He seeks money damages, a dental examination, proper treatment, and a response within twenty-four hours to all future dental emergencies.

    The Court must construe the Prisoner Complaint liberally because Mr. Pinson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action with prejudice for failure to exhaust administrative remedies.

On March 21, 2014, the Court found that because Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g), and he is aware of the pleading standard he must meet for the Court to waive § 1915(g) restrictions, he is precluded from bringing any of the claims asserted in this action without payment of the $400 filing fee, except for the denial of treatment claim asserted against Defendants Osagie and Andreis. Plaintiff was given thirty days from the date of the March 21 Order to pay the fee in full if he elected to proceed with all of his claims.

The Court also discussed in the March 21 Order Plaintiff's history of abusive litigation, including his propensity to (1) voluntarily dismiss actions and delay the processing of cases even after he has asserted imminent danger; (2) present unbelievable claims; and (3) submit fraudulent documents to the Court. In this case, Plaintiff represents to the Court that he has exhausted all of the claims. The Court took notice of the Administrative Remedy Generalized Retrieval Report that Warden Berkebile submitted in *Pinson v. Berkebile*, No. 14-cv-00423-BNB (D. Colo. Filed Feb. 14, 2014), and determined that the Report showed no entries confirming Plaintiff's exhaustion of the claims he raises in this action, even though he was able to submit seventy-eight remedy requests or appeals since November 2012. The Court then requested that Defendants submit a report stating whether Plaintiff has exhausted the issues he presents in this action. Defendants also were directed to state what formal or informal complaints Plaintiff submitted to BOP prison staff regarding Defendants Andreis and Osagie's refusal to treat or examine him or to call a dentist or doctor and what prison staff has done to address the alleged dental issue.

Within a week of the March 21 Order, Plaintiff filed a Motion to Dismiss. Plaintiff asserts in the Motion that he seeks to dismiss this lawsuit "pursuant to an informal

agreement with Executive Staff at ADX Florence with who plaintiff agreed to voluntarily dismiss" this case and other pending cases "during a discussion with ADX Warden David Berkebile on March 12, 2014." Mot., ECF No. 11. The Court takes notice of a response filed by counsel, on Warden David Berkebile's behalf, pursuant to court order in *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 120 (D. Colo. Filed May 28, 2013), regarding the same Motion to Dismiss that Plaintiff had also filed in Case No. 13-cv-01384. In the response, Warden Berkebile attests that he talked with Plaintiff during the week of March 10, 2014, about opportunities for him to transition to less secure housing as long as he demonstrates a commitment to participating in recommended programs. *Id.* at 5. Warden Berkebile further asserts that he did not offer any agreement for dismissal of Plaintiff's cases and did not discuss with Plaintiff any informal agreement with ADX executive staff regarding a voluntary dismissal of his cases or authorize anyone else to offer any agreement. *Id.* Plaintiff's Motion is another example of his dishonesty.

On March 28, 2014, the United States Attorney, on behalf of Defendants, responded to the Court's March 21 Order and confirmed that Plaintiff has filed a BP-9 form regarding the dental issue, but as of March 28, 2014, the date the Report is signed, he had not exhausted the dental issue alleged against Defendants Andreis and Osagie. Report, ECF No. 9, at 2-3. The Report supports a finding that Plaintiff has not exhausted his administrative remedies with respect to the dental issue. Plaintiff does not disagree with the Report. Also, Plaintiff received treatment for the infected wisdom tooth on February 16, 2014, and he is scheduled to have an evaluation by a dentist by Friday, April 4, 2014. *Id.* at 2-3.

Based on the above findings, the Court will deny the Motion to Dismiss and dismiss the action with prejudice for the following reasons.  Plaintiff has not paid the filing fee within the time allowed.  The only claim not subject to dismissal because Plaintiff failed to pay the filing fee is the dental claim asserted against Defendants Andreis and Osagie.  Nonetheless, the Court finds this claim is unexhausted.

Ordinarily dismissal of an unexhausted claim is dismissed without prejudice, rather than with prejudice.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).  Because Plaintiff did not exhaust his administrative remedies prior to filing this action, but asserts he did in the Complaint, the Court finds Plaintiff again is engaging in abusive litigation in this Court.  This is not the first time that Plaintiff has filed an action only to have it dismissed at a later date because he has failed to exhaust his administrative remedies.[1]   A dismissal of this action with prejudice is justified.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiff's continual filing of unexhausted claims prejudices defendants, because they must

---

[1] *See Pinson v. St. John, et al.*, No. 10-cv-01832-RBP-HGD (N.D. Ala. Feb. 25, 2013) (claims legal mail opened outside his presence in complaint and injunctive motion; injunctive motion denied; dismissed for failure to pay initial partial filing fee; motion to vacate dismissal, which was granted; court ordered special report about claims; Pinson filed motion for default judgment regarding special report that was not signed and was stricken; Circuit withdrew order to allow partial payments because Pinson conceded he is subject to § 1915(g) restrictions; special report treated as motion for summary judgment, recommendation entered for dismissal with prejudice finding Pinson failed to exhaust and the remedy no. he claims is associated with the exhaustion was not submitted during the time period at issue, ECF No. 44 at 10, Pinson now is time barred from pursuing an administrative remedy); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007) (recommendation to dismiss for failure to exhaust remedies; Pinson then filed notice of voluntary dismissal that was granted); *Pinson v. Watkins, et al.*, No. 06-cv-00323-F (W.D. Okla. May 9, 2007) (claims failure to protect and identified as snitch; Pinson was appointed counsel; action was dismissed in part without prejudice for failure to exhaust claim and in part with prejudice as procedurally barred due to untimely grievance).

address the claims even though they are improperly filed, and interferes with the efficient use of the Court's limited resources.  Plaintiff is aware of the need to exhaust his remedies before initiating a prisoner complaint in this Court, and based on his disregard of this requirement dismissal with prejudice is a proper sanction.  *Id.*

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  Plaintiff must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Dismiss, ECF No. 7, is denied.  It is

FURTHER ORDERED that the Complaint and the action are dismissed with prejudice based on the above findings.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  1st  day of    May    , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court